IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROY SCHOFIELD, | : | No. 03cv610 |
| | : | |
| Plaintiff | : | (Judge Jones) |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Blewitt) |
| DIANE CIAGLIA, et al., | : | |
| Defendants | : | |

**MEMORANDUM AND ORDER**

**January 5, 2006**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On April 16, 2003, Plaintiff, Roy Schofield ("Plaintiff"), formerly an inmate at the State Correctional Institution at Mahanoy ("SCI-Mahanoy") filed this action pursuant to 42 U.S.C. § 1983. (Rec. Doc. 1). The Plaintiff was released from prison in April, 2005.

On December 7, 2005, Magistrate Judge Blewitt issued a Report and Recommendation recommending that Defendants Motion for Summary Judgment (doc. 94) be granted and judgment be entered in favor of Defendants and against Plaintiff.

Objections to the Magistrate Judge's Report were due on December 23, 2005 and to date none have been filed. This matter is now ripe for disposition.

1

**FACTUAL BACKGROUND/PROCEDURAL HISTORY:**

In his second amended complaint, the Plaintiff alleged that while he was previously incarcerated at SCI-Chester, he suffered an ear infection and lost hearing in his right ear.  Plaintiff alleges that on September 5, 2002, while incarcerated at SCI-Mahanoy, he signed up for a sick call due to blood coming out of his ear.  He was examined by Defendant Dr. Ciaglia, and was prescribed seven days of medication and referred for a hearing test.  Plaintiff states that Defendant Dr. Ciaglia told him that he had a hole in his ear drum and that nothing could be done for it.  Plaintiff signed up for sick call on September 9 and 11, 2002 because his ear infection was not improving.  On September 15, 2002, Plaintiff was given a hearing test in his right ear, which he failed.

Plaintiff alleges that he requested on several occasions to see a hearing specialist but that his requests were denied.  Plaintiff also alleges that his ear infection continued and that the treatment prescribed by Defendant Drs. Ciaglia and Modery were not effective.

On October 22, 2002, Plaintiff states that he filed a grievance, claiming denial of medical treatment, and he was subsequently told by a prison nurse to continue to come to sick call if he had any problems.

Plaintiff filed this §1983 action on April 16, 2003, alleging that the Defendants

were deliberately indifferent to his medical needs.  Originally, this action was against five defendants, however presently only Drs. Ciaglia and Modery remain as defendants in the action.

On November 10, 2004, Magistrate Judge Blewitt issued a Report and Recommendation, subsequently adopted by this Court, that denied the Defendants' Motion to Dismiss the Second Amended Complaint.  (Rec. Docs. 51 and 56).  After a discovery period, the Defendants filed a Motion for Summary Judgment.  To date, Plaintiff has neither filed his brief in opposition to the Defendants' Summary Judgment Motion, nor has he requested an extension of time within which to do so.

**STANDARD OF REVIEW**:

When no objections are made to a magistrate's report, the district court is not statutorily required to review a magistrate judge's report before accepting it.  See Thomas v. Arn, 474 U.S. 140, 149-50 (1985).  According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report."  Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987).  When a district court accepts a magistrate judge's report, the report becomes the judgment of the court.  Id.

**DISCUSSION:**

Our review of this case confirms Magistrate Judge Blewitt's determinations and well-reasoned analysis, and while we have not been presented with any reason to revisit them, we do reiterate the salient aspects of the Magistrate Judge's report.

First, Magistrate Judge Blewitt finds that the Plaintiff, by failing to oppose the Defendants' Summary Judgment Motion, should be deemed not to oppose the Defendants' Motion, and as having failed to prosecute his action. (Rec. Doc. 103 at 11). Pursuant to Federal Rule of Civil Procedure 41(b), an action may be dismissed for failure of the plaintiff to prosecute the action or comply with an order of court. In this action, the Plaintiff failed to file a brief in opposition to the Defendants' Summary Judgment Motion, even after directed to do so in an Order by this Court dated October 31, 2005. Therefore, we confirm Magistrate Judge Blewitt's decision to grant the Defendants' Summary Judgment as unopposed and agree with his finding that Defendants' Motion is meritorious. (Rec. Doc. 103 at 11).

Second, in his discussion of the merit of Defendants' Summary Judgment Motion, Magistrate Judge Blewitt finds that the Defendants were not deliberately indifferent to the Plaintiff's serious ear condition during their treatment of him and therefore Plaintiff did not have a meritorious Eighth Amendment claim against the Defendants. (Rec. Doc. 103 at 12). Magistrate Judge Blewitt highlights several

facts that show Defendants' treatment of Plaintiff's condition was altogether appropriate, including following the instructions of an specialist who prescribed treatment for Plaintiff and treating Plaintiff's infection with antibiotics.

Under the circumstances before us, including that the Plaintiff has failed to oppose the Defendants' Summary Judgment Motion, our review of this case obviously confirms Magistrate Judge Blewitt's determinations.  Because we find no error in Magistrate Judge Blewitt's Report and Recommendation and because no objections have been filed, we will adopt it as our own for the reasons cited herein.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Magistrate Judge Blewitt's Report and Recommendation (doc. 103) is GRANTED in its entirety.

2. The Defendants' Motion for Summary Judgment (doc. 94) is GRANTED.

3. The Clerk is directed to close this file.

        s/ John E. Jones III
        John E. Jones III
        United States District Judge